WILLIAM WITBECK, Appellant, *v.* WILLIAM P. VAN RENSSELAER and others, Respondents.

*Writ of possession — execution of, after its return day — presumption, if fully executed after, that its execution commenced before the return day.*

In the execution of a writ of possession after the return day, it will be presumed that the sheriff began the execution of the process within the lifetime of the writ.

Writs of possession and executions for the sale of real estate are analogous, and both may be fully executed after the return day therein named.

After a judgment and writ of dispossession have been fully though informally executed, the time begins to run within which the redemption may take place.

APPEAL by plaintiff from a judgment, rendered on the decision of the court, dismissing plaintiff's complaint without costs to either party.

*R. A. Parmenter*, for the appellant.

*Matthew Hale* and *S. Hand*, for the respondents.

BOARDMAN, J.:

Plaintiff was the owner, subject to reserved rents, of certain premises in East Greenbush. By reason of the non-payment of the rent, the defendant, Van Rensselaer, who was the owner of the rents reserved, brought ejectment, and recovered judgment for re-entry. On the 10th of May, 1867, the defendants claim to have taken possession of the premises under a writ of possession, executed by one Griggs, a deputy sheriff. Afterward, the plaintiff resumed possession of the lands, and another writ was issued, and, during the attempt to execute it, Griggs, the deputy, was killed. Soon after, a further writ was applied for, when the plaintiff made a tender of rents due, claiming that the judgment in ejectment had never been executed, and that his redemption was good and effectual as against the judgment for re-entry, under 2 Revised Statutes, 506, sections 33, 34.

The tender not having been accepted, the plaintiff brings this action in equity to redeem the farm from forfeiture under the right of re-entry. The judge, at Special Term, dismissed the complaint,

holding that the tender was sufficient, but not in time, because more than six months had elapsed after said May 10, 1867, before such tender was made, and plaintiff's equity of redemption was thereby barred.

The plaintiff insists that the vitality of the writ of possession was spent prior to the 10th of May, 1867. It was issued to the sheriff on the 17th of January, 1867, and returnable in sixty days thereafter. The writ was therefore executed (if at all) more than sixty days after it was issued.

In reply, it is suggested that it will be presumed, in the absence of evidence, that the sheriff began the execution of the process within the sixty days. Such is the rule in regard to executions for the collection of money. A levy in time will be presumed, where the sale takes place after the sixty days, in the absence of any evidence.* By analogy the same presumption may and should exist in this case.

But a further and stronger answer is made. In executions for the sale of real estate, no levy is ever made or required, for the reason that the judgment itself constitutes the lien. But the land may be sold on the execution after the return day is passed. So in this case the judgment gives in terms the right of re-entry and possession. The only office of the execution or writ is to enforce such right. The lien is not created by a levy; the right to dispossess is not the outgrowth of the writ; but the writ is the visible authority for doing in fact what the judgment determines as done in law already. The position of the parties to the writ, is the same before the return day as after. No greater reason can exist why this writ should be executed in whole or in part within the sixty days, than must arise on an execution for the sale of real estate.† It would seem, therefore, that the two writs are analogous, and that both may be fully executed after the return day therein named.

If any doubt can exist as to the correctness of the foregoing conclusions, another consideration would seem to set such doubt at rest.

The judgment in ejectment determines that the plaintiff in such action is entitled to re-enter upon the premises, and to have posses-

---

* Hartwell v. Root, 19 J. R., 345; Jackson v. Shafer, 11 id., 513.
† Wood v. Colvin, 5 Hill, 228.

sion thereof. By virtue of such judgment, the plaintiff therein having peacefully obtained possession, he may hold it. "When a man, having a title to an estate, comes to the possession of it by lawful means, he shall be in possession according to his title." * "The demandant after judgment in a common recovery may enter or take out execution at his election," where the demand is certain. † Again, "the lessor in ejectment may enter after judgment without a writ of possession," and it is no trespass while the judgment continues in force. ‡ If then the judgment and execution had been fully executed, though informally and without the aid of legal power, on the 10th day of May, 1867, such possession set the time to run, within which the redemption must take place. Whether the execution had spent its force or not, it was used for the purpose of giving possession to the plaintiff in ejectment, or his assignee, and the design of the judgment, the execution and the law having been thus fully executed, six months of neglect to redeem thereafter, bars and forecloses all relief or remedy in law or in equity. §

It having thus been determined that the writ of assistance in the hands of the sheriff on the 10th day of May, 1867, could be lawfully executed, it remains to be decided whether the plaintiff in the ejectment judgment or his assignee was, on that day, put in the possession of the premises, so as to constitute a re-entry within the meaning of the Revised Statutes.

The learned judge who tried the action at Special Term, has found that such possession was given, and re-entry made, upon the tenth day of May, under the authority of the sheriff, and by virtue of the writ of assistance in the sheriff's hands. In the opinion contained in the case, and accompanying his decision, he has reviewed the evidence touching the nature and extent of possession taken, and justifies the findings of facts by him made. I am content to adopt his opinion in that respect. The evidence, findings and opinions, alike concur in satisfying me that possession was taken, and re-entry was made, as fully and perfectly as practicable or necessary, in order to set the short statute of limitations running.

* Taylor ex dem. Atkyns v. Horde, 1 Burrow's R., 60, 88, 90. † Ibid.

‡ Jackson v. Haviland, 13 J. R., 234. See, also, Withers v. Harris, 1 Salk., 258, and Adams on Eject., 339.

§ 2 R. S., 506, § 34.

Though the plaintiff in this action was informed of the fact, he disregarded it, and, at a subsequent time, substituted force in the attempt to regain his illegal possession of these premises. Baffled in his attempt to defy the law and its officers, he at last tenders satisfaction, and invokes a court of equity to save him from forfeitures already incurred.

The two leading points alleged by plaintiff as erroneous, the execution as to its vitality, and the re-entry made thereunder, have been considered and found against the plaintiff. Other questions have been suggested. They are incidental to those already discussed. The disposition of the main questions carries them also. They are so far immaterial, as to avail nothing in the view of the case heretofore taken.

Believing the decision of the learned judge at Special Term a fair result from the evidence, justified by law, and consistent with equity and good conscience, the judgment appealed from should be affirmed, with costs.

MILLER, P. J., and BOCKES, J., concurred.

Judgment affirmed, with costs.